**Bonnie Allen-Sailer,** OSB #145178
bonnie@nwjp.org
**Corinna Spencer-Scheurich,** OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 225
Portland, OR 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Telephone: (503) 357-8290
Facsimile: (503) 946-3089

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JUAN LOPEZ AYALA** and **MOSHE DABOUB,** individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**COOK FAMILY BUILDERS LLC**, an Oregon limited liability company, **ZANE COOK**, an individual, and **SHELBYVILLE PROPERTIES LLC**, an Oregon limited liability company, d.b.a. Shelbyville Remodeling,<br><br>Defendants. | Civil No.: 3:17-cv-00266<br><br>COMPLAINT<br><br>Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*), Oregon Wage and Hour Laws, Oregon Labor Contractor Laws, Breach of Contract<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.  Juan Lopez Ayala and Moshe Daboub (collectively, "Plaintiffs") bring this action against Cook Family Builders LLC, Zane Cook, and Shelbyville Properties LLC, d.b.a.

PAGE 1 –COMPLAINT

Shelbyville Remodeling, (collectively, "Defendants"), under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*, "FLSA") to collect unpaid wages. Plaintiffs seek overtime and minimum wages due to them under 29 U.S.C. §§ 206, 207, and 216(b), and liquidated damages for the failure to pay wages under 29 U.S.C. § 216(b).

2. Plaintiffs allege unpaid wages, overtime wages, and penalty damages under Oregon wage and hour laws O.R.S. §§ 652.140, 652.150, 652.200, 653.025, 653.261, and 653.055.

3. Plaintiffs allege violations of Oregon labor contractor laws and penalty damages under O.R.S. §§ 658.410, 658.415, 658.440, 658.453, 658.465, and 658.475.

4. Plaintiffs also sue Defendants for their failure to pay them the agreed upon hourly wage for all hours worked for Defendants.

## II. JURISDICTION

5. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*; 28 U.S.C. § 1331, as this action arises under the laws of the United States and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

7. Plaintiffs Juan Lopez Ayala and Moshe Daboub are natural persons who were employed to perform construction work at various job sites for Defendants in Portland, Oregon,

in Multnomah County.

8. At all times relevant to this action, Defendant Cook Family Builders LLC was a domestic limited liability corporation operating a construction and labor contracting business in Oregon. Its principal place of business is in Multnomah County, Oregon.

9. At all times relevant to this action, Defendant Zane Cook was a natural person and manager of Cook Family Builders LLC. He is a resident of Multnomah County, Oregon.

10. At all times relevant to this action, Defendant Shelbyville Properties LLC, was a domestic limited liability corporation operating a construction business in Oregon. Its principal place of business is in Multnomah County, Oregon. It has registered the assumed business name of Shelbyville Remodeling in the state of Oregon.

**IV. FACTS**

11. Defendants employed Plaintiffs in 2015 and January 2016 to perform construction labor on various residential remodeling and construction projects throughout Portland, Oregon.

12. Defendants are in the business of residential remodeling and construction contracting.

13. Providing construction labor is an integral part of the business of residential remodeling and construction contracting.

14. Plaintiffs were employed as construction laborers working for hourly wages.

15. Plaintiffs' employment arrangement did not allow them to make a profit or loss based on their managerial skills.

16. Plaintiffs had not worked together prior to their employment by Defendants and have not worked together since that work terminated.

17. During the course of Plaintiffs' employment, Defendants each supervised and assigned tasks to Plaintiffs and otherwise exercised control over the Plaintiffs' work.

18. David Lipkind is a member of Defendant Shelbyville and supervises many of its construction projects.

19. Mr. Lipkind was regularly present on the job sites where Plaintiffs worked.

20. Mr. Lipkind had the authority to act on behalf of Defendant Shelbyville with regards to the labor and services involved in completing its construction projects.

21. Mr. Lipkind regularly supervised and directed Plaintiffs, assigning them tasks, correcting their work, and instructing them what work needed to be performed and in what order.

22. Defendant Shelbyville provided building materials to Plaintiffs and other workers to allow them to complete their work.

23. Plaintiffs did not purchase or provide significant quantity of materials, have responsibility for project timetables, or advertise as a business group for future work.

24. Plaintiffs' personal investment while performing work for Defendants was limited to providing their own basic personal safety equipment and hand tools. Plaintiff Daboub also used his personal vehicle to transport tools and material between job sites.

25. Cook Family Builders LLC and Zane Cook (collectively, "Cook Defendants") invested significant money and resources in operating the business that performed work on the projects on which Plaintiffs worked.

26. Defendant Shelbyville invested significant money and resources in operating the construction business that performed work on the projects on which Plaintiffs worked.

27. Defendants jointly employed Plaintiffs for the purpose of wage payment protections under both federal and Oregon state minimum wage and overtime laws.

28. Defendant Shelbyville had at least $500,000 in sales or business done in 2015.

29. The Cook Defendants had at least $500,000 in sales or business done in 2015.

30. Defendant collectively had at least $500,000 in sales or business done in 2015.

31. During each workweek during the course of Plaintiffs' employment with Defendants, Plaintiffs were each employed in interstate commerce or in the production of goods for interstate commerce or were employed by an enterprise engaged in commerce.

32. During the course of Plaintiffs' employment with Defendants, Defendant Zane Cook acted directly and indirectly in the interests of Defendant Cook Family Builders in relation to Plaintiffs, including assigning and supervising Plaintiffs' work and making decisions regarding Plaintiffs' pay.

33. Plaintiff Lopez was employed by Defendants from approximately June 2015 to January 2016.

34. Plaintiff Daboub was employed by Defendants from approximately August 2015 until November 2015.

35. In or around mid-June 2015, the Cook Defendants offered to pay Plaintiff Lopez $25 per hour to perform labor on various construction projects.

36. Plaintiff Lopez accepted the offer and timely performed the work requested by the Cook Defendants.

37. In or around mid-August 2015, the Cook Defendants offered to pay Plaintiff Daboub $15 per hour to perform labor on various construction projects.

38. The Cook Defendants also offered to pay Plaintiff Daboub's gas and other vehicle-related expenses in exchange for Plaintiff Daboub transporting materials and workers between job sites.

39. Plaintiff Daboub accepted the offer and timely performed the work requested by the Cook Defendants.

40. The Cook Defendants did not pay either of the Plaintiffs their agreed-upon rates for all of the hours Plaintiffs worked.

41. Plaintiffs repeatedly complained to the Cook Defendants about the failure to compensate them for all the hours they worked.

42. In or around mid-September 2015, the Cook Defendants issued a check for $1,725 to Plaintiff Lopez for work performed in the preceding weeks.

43. When Plaintiff Lopez attempted to deposit the September check, his bank rejected the deposit, informing him the account had insufficient funds.

44. Plaintiff Lopez informed the Cook Defendants of his inability to deposit the check.

45. Plaintiff Lopez was not paid for the work for which the September check was intended to compensate him.

46. On or about October 30, 2015, the Cook Defendants issued a check for $2,150 to Plaintiff Lopez for work performed in the preceding weeks.

47. Shortly thereafter, Plaintiff Lopez was notified by his bank the October 30 check had been returned for insufficient funds.

48. Plaintiff Lopez's bank charged him a fee of $10 due to the October 30 check being returned for insufficient funds.

49. Plaintiff Lopez was not paid for the work for which the October 30 check was intended to compensate him.

50. On or about December 22, 2015, the Cook Defendants issued a check for $1,000

to Plaintiff Lopez for work performed in the preceding weeks.

51. Shortly thereafter, Plaintiff Lopez was notified by his bank the December 22 check had been returned for insufficient funds.

52. Plaintiff Lopez's bank charged him a fee of $10 due to the December 22 check being returned for insufficient funds.

53. Plaintiff Lopez was not paid for the work for which the December 22 check was intended to compensate him.

54. In October 2015, Plaintiff Daboub attempted to deposit several checks he had received from the Cook Defendants for work performed for Defendants.

55. When Plaintiff Daboub attempted to deposit the checks, his bank rejected the deposit, informing him the account had insufficient funds.

56. Plaintiff Daboub informed the Cook Defendants of his inability to deposit the checks on or around October 30, 2015.

57. On or about November 3, 2015, the Cook Defendants issued two replacement checks to Plaintiff Daboub in the amount of $2000 each.

58. When Plaintiff Daboub attempted to deposit the new checks, his bank rejected the deposit, informing him the checks were not valid.

59. Plaintiff Daboub was not paid for the work for which the new checks were intended to compensate him.

60. Plaintiff Daboub performed additional labor, including transporting other workers and materials between jobsites, for which he was also not compensated.

61. Plaintiff Daboub accrued gas and other vehicle-related expenses transporting other workers and materials between jobsites, for which he was also not compensated.

62. Plaintiffs were paid less than the federal and Oregon minimum wages for hours worked for Defendants.

63. Defendants' failure to pay Plaintiffs the federal and Oregon minimum wages for all hours worked was willful.

64. Including the hours he spent transporting workers and supplies between job sites, Plaintiff Daboub regularly worked in excess of 40 hours in a week during his employment for Defendants.

65. Defendants regularly failed to compensate Plaintiff Daboub at a rate of time and one half for every hour worked over 40.

66. Defendants knew that they did not pay overtime wages to Plaintiff Daboub for work completed in excess of 40 hours.

67. Plaintiff Daboub's employment terminated in or about November 2015.

68. Plaintiff Lopez's employment terminated in or about January 2016.

69. Defendants did not pay Plaintiffs their wages upon termination.

70. Defendants failure to pay Plaintiffs was willful.

71. On February 11, 2016, Plaintiffs, through their lawyer, made written demand to the Cook Defendants to be paid their unpaid and due wages in full.

72. On February 11, 2016, Plaintiffs, through their lawyer, made written demand on Defendant Shelbyville to be paid their unpaid and due wages in full.

73. Defendants have failed, despite repeated requests by Plaintiffs, to pay Plaintiffs all wages earned.

74. Defendant Shelbyville contracted with the Cook Defendants to recruit, solicit,

supply, or employ workers to provide labor on one or more of the projects on which Plaintiffs worked for an agreed remuneration or rate of pay.

75. The Cook Defendants hired Plaintiffs on behalf of Defendant Shelbyville to work one or more of the projects on which Plaintiffs worked.

76. At the time of Plaintiffs' employment with the Cook Defendants, the Cook Defendants were acting as labor contractors on one or more of the projects on which Plaintiffs worked.

77. At the time of Plaintiffs' employment with the Cook Defendants, neither Defendant Cook Family Builders nor Defendant Zane Cook were licensed as construction labor contractors with the Bureau of Labor and Industries.

78. The Cook Defendants did not carry a valid labor contractor's license with them while acting as labor contractors on one or more of the projects on which Plaintiffs worked.

79. During their employment with the Cook Defendants, Plaintiffs did not receive a written statement itemizing the total hours worked, rate of pay, total payment, and amount and purpose of each deduction every time they received a payment.

80. Plaintiffs did not receive or sign any written disclosures, agreements, or other documents containing the terms and conditions of their employment with the Cook Defendants.

81. At the time of Plaintiffs' employment with the Cook Defendants, Defendant Shelbyville knew or had knowledge of facts that, with reasonably diligent inquiry, would have given it notice that the Cook Defendants were not licensed as construction labor contractors with the Bureau of Labor and Industries.

## V. CLAIMS FOR RELIEF

**(First Claim – Violation of FLSA Against All Defendants)**

82. Defendants violated 29 U.S.C. § 206 when they failed to pay Plaintiffs the minimum wage rate for all the hours worked.

83. Defendants violated 29 U.S.C. § 207 when they failed to pay Plaintiff Daboub overtime wages for work performed for Defendants in excess of forty hours per work week.

84. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover unpaid minimum wages and overtime wages, equal amounts as liquidated damages, and attorney's fees and costs.

**(Second Claim – Violation of Oregon Minimum Wage and Overtime Laws**

**Against All Defendants)**

85. Defendants failed to pay Plaintiffs at the Oregon minimum hourly rate for all hours worked in violation of O.R.S. § 653.025.

86. Defendants failed to pay Plaintiff Daboub at a rate of time and one half for overtime hours in violation of O.R.S. § 653.261 and its implementing regulations.

87. Plaintiffs are entitled, under O.R.S. § 653.055, to recover the unpaid wages, penalty damages in an amount equal to 240 times their hourly wage rate, and reasonable attorney fees and costs, for non-payment of minimum and overtime wages.

**(Third Claim – Violation of Oregon Timely Payment of Wages Law**

**Against All Defendants)**

88. Defendants failed to pay Plaintiffs all of their wages when due upon termination of their employment within the time specified in O.R.S. § 652.140.

89. Defendants' failure to pay Plaintiffs all of their wages upon termination of employment was willful.

90. Plaintiffs are entitled, under O.R.S. § 652.150, to recover penalty damages in an amount equal to 240 times their hourly wage rate, plus reasonable attorney fees and costs, for

defendants' failure to pay Plaintiffs' wages upon termination.

**(Fourth Claim – Breach of Contract Against Defendant Cook Family Builders and Defendant Zane Cook)**

91. Defendant Cook Family Builders and Defendant Zane Cook breached their contracts with Plaintiffs by failing to pay wages as agreed.

92. Defendant Cook Family Builders and Defendant Zane Cook breached their contracts with Plaintiff Daboub by failing to pay gas-related expenses as agreed.

93. Plaintiffs are entitled to damages incurred as a result of the breach of their employment contracts.

**(Fifth Claim – Violations of Oregon Construction Contractor Act Against Defendant Cook Family Builders and Defendant Zane Cook)**

94. Defendants Cook Family Builders and Zane Cook acted as unlicensed construction labor contractors in employing Plaintiffs in violation of O.R.S. § 658.410.

95. Defendants Cook Family Builders and Zane Cook violated O.R.S. § 658.440 when they failed to carry a labor contractor license while acting as a construction labor contractor, failed to comply with the terms and provisions of their employment contracts with Plaintiffs, failed to provide Plaintiffs with written terms and condition of employment, and failed to provide a written statement itemizing each payment made to Plaintiffs.

96. Plaintiffs are entitled, under O.R.S. § 658.475, to injunctive relief, actual damages or $2,000, whichever amount is greater, and reasonable attorney fees and costs, for Defendants Cook Family Builders and Zane Cook's violations of O.R.S. §§ 658.410 and 658.440.

97. Plaintiffs are entitled, under O.R.S. § 658.453(4), to actual damages or $1,000,

whichever is greater, for each violation of O.R.S. § 658.440, plus reasonable attorney fees and costs.

### (Sixth Claim – Using an Unlicensed Construction Labor Contractor Against Defendant Shelbville)

98. Defendant Shelbyville knowingly used the services of an unlicensed labor contractor.

99. Pursuant to O.R.S. § 658.415(7), Defendant Shelbyville is liable to Plaintiffs for all unpaid wages for work performed for the Cook Defendants and penalty wages under O.R.S. § 652.150.

100. Pursuant to O.R.S. §§ 658.465(4) and 658.453(4), Defendant Shelbyville is liable to Plaintiffs for actual damages or $1,000, whichever is greater, for each violation of O.R.S. § 658.440, plus reasonable attorney fees and costs.

### (Seventh Claim – Payment of Wages Using Dishonored Checks Against Defendant Cook Family Builders and Defendant Zane Cook)

101. Defendants Cook Family Builders and Zane Cook violated O.R.S. § 652.195(1) when it issued dishonored checks for payment of wages to Plaintiffs.

102. Plaintiffs are entitled, under O.R.S. § 30.701, to recover the amount for which the checks were drawn and statutory damages equal to $100 or triple the amount for which the checks were drawn, whichever is greater, but not exceeding by more than $500 the amount of which the checks were drawn, plus reasonable attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1. Award Plaintiffs their unpaid minimum and overtime wages pursuant to 29 U.S.C.

§ 206 and § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b);

2. Award Plaintiffs their unpaid minimum wages pursuant to Oregon minimum wage laws, O.R.S. § 653.025;

3. Award Plaintiff Daboub his unpaid overtime wages pursuant to Oregon overtime law, O.R.S. § 653.261;

4. Award Plaintiffs civil penalties in the amount of 240 times Plaintiffs' average hourly wage pursuant to O.R.S. § 653.055, for unpaid minimum and overtime wages;

5. Award Plaintiffs civil penalties in the amount of 240 times Plaintiffs' average hourly wage pursuant to O.R.S. § 652.150, for failure to pay wages timely;

6. Award Plaintiffs their contractual damages;

7. Award Plaintiffs civil penalties in the amount of $2,000 pursuant to O.R.S. § 658.475, for Defendant Cook Family Builders and Defendant Zane Cook acting as unlicensed labor contractors.

8. Award Plaintiffs civil penalties of $1,000 for each violation of O.R.S. § 658.440.

9. Award Plaintiffs civil penalties of triple the amount, but not exceeding $500 more than the amount of each dishonored check issued to them for payment of wages was drawn pursuant to O.R.S. § 30.701.

8. Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable attorney fees and costs under 29 U.S.C. § 216(b) and ORS §§ 30.701, 652.200, 653.055, 658.453, 658.465, and 658.475;

8. Award Plaintiff pre-judgment interest on sums due under state law claims and post-judgment interest; and

9. Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted this 17th day of February, 2017.

                                /s/ Bonnie Allen-Sailer
                                **Bonnie Allen-Sailer**, OSB #145178
                                (503) 525-8454
                                Attorney for Plaintiffs